IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>(Baltimore Division)</u>

| | | |
|---|---|---|
| IN RE: | * | |
| JOHN MCDONNELL MCPHERSON, | * | Case No.: 21-10205-MMH |
| | | (Chapter 11) |
| Debtor.    . | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| JOHN MCDONNELL MCPHERSON, | * | |
| Plaintiff, | * | |
| v. | * | Adv. Proc. No.: 21-00035 |
| CAMAC FUND, LP; *et al.,* | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## ANSWER TO COMPLAINT

Defendant, Camac Fund, LP ("Defendant" or "Camac"), by and through its undersigned attorneys, Alan M. Grochal, Richard L. Costella, and Tydings & Rosenberg LLP; hereby answers the Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

1.  Paragraph 1 of the Complaint is a summary of the causes of action set forth in the Complaint and therefore no response is required. To the extent that a response is required, Camac denies the allegations set forth in Paragraph 1 of the Complaint.

2.  The allegations of paragraph 2 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 2.

3.  The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 3.

1

4. The allegations of paragraph 4 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 4.

5. The allegations of paragraph 5 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 5.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant does not have sufficient information within which to determine the accuracy of the allegations set forth in paragraph 7 of the Complaint and on that basis denies such allegations generally and specifically.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in the first sentence of Paragraph 9 of the Complaint. The remaining allegations contained in Paragraph 9 refer to a written document, the contents of which speak for itself. Camac denies the remaining allegations of Paragraph 9 to the extent they are inconsistent therewith.

10. The allegations contained in Paragraph 10 refer to a written document, the contents of which speak for itself. Camac denies the allegations of Paragraph 10 to the extent they are inconsistent therewith.

11. The first sentence contained in Paragraph 11 refers to a written document, the contents of which speak for itself. Camac denies the allegations in the first sentence of Paragraph 10 to the extent they are inconsistent therewith. Camac admits the remaining allegations contained in Paragraph 11.

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

## COUNT 1

15. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 14 of this Answer.

16. The allegations of paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 16.

17. The allegations of paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 17.

18. The allegations of paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 18.

19. The allegations of paragraph 19 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 19.

20. The allegations of paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 20.

21. The allegations of paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 21.

22. The allegations of paragraph 22 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 22.

23. The allegations of paragraph 23 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 23.

24. The allegations of paragraph 24 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 24.

## COUNT II

25. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 24 of this Answer.

26. The allegations of paragraph 26 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 26.

27. The allegations of paragraph 27 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 27.

28. The allegations of paragraph 28 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 28.

29. The allegations of paragraph 29 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 29.

30. The allegations of paragraph 30 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 30.

31. The allegations of paragraph 31 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 31.

## COUNT III

32. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 31 of this Answer.

33. Defendant admits the allegations of Paragraph 33 of the Complaint.

34. Paragraph 34 refers to a written document, the contents of which speak for itself. Camac denies the allegations in Paragraph 34 to the extent they are inconsistent therewith.

35. Defendant admits the allegations of Paragraph 35 of the Complaint.

36. The allegations of paragraph 36 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 36.

37. Defendant admits the allegations of Paragraph 12 of the Complaint.

38. Camac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and, therefore, denies same.

39. The allegations of paragraph 39 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 39.

40. The allegations of paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 40.

### COUNT IV

41. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 40 of this Answer.

42. Camac denies that it failed to authorize the release of IOLTA Account Funds. Camac admits that under the terms of the Funding Agreement it currently holds a claim against the Debtor in the amount of $4.2 million.

43. The allegations of Paragraph 43 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 43.

44. Camac admits the allegations contained in the first sentence of paragraph 44. Camac denies the remaining allegations of Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 45.

## COUNT V

46. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 45 of this Answer.

47. The allegations of Paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 47.

48. The allegations of Paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 48.

## COUNT VI

49. Camac adopts and incorporates by reference its responses to Paragraphs 1 through 48 of this Answer.

50. Paragraph 50 refers to a written document, the contents of which speak for itself. Camac denies the allegations in Paragraph 50 to the extent they are inconsistent therewith. The allegations of Paragraph 50 also contain are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 50.

51. Camac lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and, therefore, denies same.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. The allegations of Paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, Camac denies the allegations of paragraph 53.

## AFFIRMATIVE DEFENSES

### First Defense

Defendant states in further defense that any transfer(s) made to or for its benefit were made in the ordinary course of business between the Debtor and Defendant, were made in the

ordinary course of business between the Debtor and Defendant, and were made according to ordinary business terms.

### Second Defense

Defendant states in further defense that the alleged transfer(s) set out in Plaintiff's Complaint cannot be avoided to the extent that the alleged transfer(s) was intended by the Debtors and Defendant to be a contemporaneous exchange for any new value given to the Debtor and were in fact a substantially contemporaneous exchange.

### Third Defense

Defendant states in further defense that, if any transfer(s) was made to or for its benefit, after the alleged preferential transfer(s) the Defendant gave new value to the Debtor not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant, which new value exceeded the alleged transfer(s) set out in Plaintiff's Complaint.

### Fourth Defense

Defendant states that the Complaint is barred by the applicable statute of limitations or other limitations of time under the U.S. Bankruptcy Code and/or other applicable law.

### Fifth Defense

Defendant states that the Complaint was not brought for the benefit of the estate as required by 11 U.S.C. 550(a) if any recovery thereon will not benefit unsecured creditors but will benefit only secured creditors or administrative claimants or both.

### Sixth Defense

The Trustee is not entitled to the relief it seeks as alleged in the causes of action set forth in the Complaint because the granting of such relief would unjustly enrich the Debtor and/or unjustly impose a loss on the Defendants.

The transfer between the Debtor and the Defendants was for value and in good faith.

### Seventh Defense

The funds received by the Debtor were taken for value including satisfaction of a present or antecedent debt, in good faith and without knowledge of the voidability of any transfer sought to be avoided by the Trustee.

### Eighth Defense

The transfer referred to in the Complaint was made with appropriate consideration.

### Ninth Defense

The transfer referred to in the Complaint was not made in prejudice of the rights of present or future creditors of the Debtors.

### Tenth Defense

The transfer referred to in the Complaint was an exchange for reasonably equivalent value

### Eleventh Defense

Plaintiff is estopped from bringing this action.

### Twelfth Defense

The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable hereto by Federal Bankruptcy Rule 7012.

### Thirteenth Defense

At the time of the transfer(s) referred to in the Complaint, the Debtor was not insolvent and was not rendered insolvent thereby.

### Fourteenth Defense

At the time of the transfer(s) referred to in the Complaint, the Debtor was not left with an unreasonably small capital.

### Fifteenth Defense

At the time of the transfer referred to in the Complaint, the Debtor did not intend to incur or believe that it would incur debts beyond his ability to pay as such debts matured.

### Reservation of Rights

The Defendant expressly reserves the right to amend this Answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third-party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff's Complaint be dismissed, that Defendant be dismissed with its costs and that Defendant be granted such other and further relief to which it shows itself justly entitled.

Dated: April 12, 2021.                         Respectfully Submitted,

                                                      /s/ Richard L. Costella
                                                     Richard Costella, Esquire
                                                     Fed. Bar No.: 14095
                                                     Tydings & Rosenberg LLP
                                                     1 East Pratt Street, Suite 901
                                                     Baltimore, Maryland 21202
                                                     Tel.: (410) 752-9772
                                                     Fax: (410) 727-5460
                                                     Email: rcostella@tydings.com

                                                     *Attorneys for Camac Fund LP*

#3595605v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2021, copies of the foregoing *ANSWER* was served via the Court's ECF filing system on the following:

Brent C. Strickland, Esquire
111 Rockville Pike, Suite 800
Rockville, MD 20850
Email: bstrickland@wtplaw.com
*Counsel for Plaintiff*

 

/s/ Richard L. Costella
Richard Costella, Esquire

#3595605v.1