**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| **In Re:** | * | |
| **JOHN MCDONNELL MCPHERSON** | * | **Case No. 21-10205-MMH** |
| | | **(Chapter 11)** |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| **JOHN MCDONNELL MCPHERSON,** | * | |
| Plaintiff, | * | |
| v. | * | **Adv. Proc. No.: 21-00035** |
| **CAMAC FUND, LP;** *et al.*, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT OF ERIC SHAHINIAN**

I hereby certify under the penalties of perjury that the following statements are true and correct:

1. I am over the age of 18 years, have personal knowledge of the facts set forth herein and I am competent to testify.

2. I am the Manager of the General Partner that serves as Managing Member of Camac Partners, LLC ("Camac"). I maintain a place of business at 350 Park Avenue, 13th floor, New York, New York 10022.

3. In January 2018, on behalf of Camac, I negotiated a Litigation Funding Agreement (the "Agreement") with John McPherson ("McPherson").

4. Before approaching Camac, McPherson had been turned down by two other potential funders.

5. Under the Agreement, Camac purchased an interest in various whistleblower cases in consideration for providing McPherson with the capital necessary to fund his business

#3789769v.1

1

operations, enable him to pursue whistleblower cases and extinguish outstanding liabilities.

6. Carmac's purchase of an interest in the whistleblower cases was a high-risk transaction. Many of the whistleblower cases never generate any recovery and even the ones that do, often take many years before they are resolved.

7. One of the key provisions in the Agreement was the requirement that Bryan Wood ("Wood") be the attorney handling the litigation proceeds of the whistleblower cases. Wood was well known to Camac, and, at the time that the Agreement was executed, was representing McPherson in whistleblower submissions including *Life Partners Holdings, Inc. et al* which was pending in the United States District Court for the Western District of Texas. Because most whistleblower cases are not a matter of public record, it was imperative to Camac that the attorney handling the Litigation Proceeds be someone who Camac knew and trusted. That the Agreement required that Wood would remain as attorney as reflected in the fact that this provision of the Agreement did not include successors. Camac would not have entered into the Agreement absent the provision that required Wood to serve as attorney. When McPherson removed Wood as attorney, he breached the Agreement.

8. Given the high level of risk involved, the phrases "Cases" and "Litigation Proceeds" were broadly defined. Cases, in addition to the Life Partners case, included "any and all other submissions, cases or the like under the SEC, IRS.or CPTC whistleblower program, or under any qui tam statute". Litigation Proceeds included "all whistleblower payment paid by any government agency, expert witness revenues, all damages, settlement sums, compensation, accounts of profits, restitution, licensing revenues, sums from any development and/or commercialization agreement, costs, fees and expenses received from the Cases". Camac learned that after McPherson unilaterally replaced Wood as his attorney, that he settled a matter with GE but failed to remit the proceeds to Camac in accordance with the Agreement.

9. The Agreement also provided that Camac would be granted a first priority security interest in the Litigation Proceeds and McPherson agreed that he would take all action necessary to maintain the first priority status of such interest and would not permit anything to adversely effect the priority, perfection or validity of Camac's interest.  Camac subsequently learned that McPherson failed to disclose that the Internal Revenue Service had placed a lien against McPherson's assets in violation of the Agreement.  Additionally, by filing an Adversary Complaint in the Chapter 11 proceeding in which McPherson seeks to set aside Camac's lien as a preference, McPherson has violated the Agreement.

10. Once Camac determined that McPherson breached the Agreement, Camac, on September 30, 2020, filed an arbitration demand as contemplated by the Agreement.  McPherson stalled for several months and failed to cooperate in moving the arbitration proceeding forward, until he filed the instant bankruptcy proceeding.

11. In the arbitration proceeding, McPherson filed both an answer and a counterclaim in which he asserts many of the same claims that he makes in the Adversary Complaint.

Dated:  May 4, 2021            /s/ Eric Shahinian
                               Eric Shahinian